## SAM WILLIAMS v. THE STATE.

### No. 4980. Decided June 28, 1918.

**Cutting Fence—Insufficiency of the Evidence.**

Where, upon trial of wantonly and wilfully cutting a fence, not his own, etc., the evidence failed to show that the defendant acted wantonly and wilfully in cutting the alleged fence, but rather with an intent to protect his own rights, the conviction could not be sustained.

Appeal from the District Court of Burleson. Tried below before the Hon. R. J. Alexander.

Appeal from the conviction of wantonly and wilfully cutting a fence; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*W. H. Reid,* for appellant.—On question of insufficiency of the evidence: Arbuthnot v. State, 34 S. W. Rep., 269; Farmer v. State, 58 Texas Crim. Rep., 171; Fitzsimmons v. State, 62 id., 440.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant is condemned to the penitentiary for a period of two years for the offense of wantonly and wilfully cutting a fence which was not his own property, nor upon property owned by him, nor upon which he resided.

It appears that appellant's father and mother resided upon two tracts of land adjoining, aggregating 257 acres; that one of the tracts was acquired by the father of appellant during the life time of his first wife by whom there was one child; that appellant, a boy about twenty years of age, and his mother,—probably some brothers and sisters,—resided upon the entire 257 acres, cultivating it and using it as a farm; that a partition suit was filed by the half sister, daughter of the first marriage, and in the suit there was set aside to her eighty-four and one-half acres of land, which she conveyed to the owners named in the indictment. The petition in this suit is not before this court, nor is the judgment decreeing the partition. There appears attached as an exhibit to the statement of facts a judgment on the report of the commissioners. The attorney who represented the plaintiff in the partition suit testified that in the petition and decree he recognized the ownership in defendant in part of the land. It does not appear, however, that appellant was a party to the suit. There was no pleading for the defendants in the partition suit, and we infer no appointment of guardian ad litem for appellant who was a minor. See R. S., art. 1942. There is verbal testimony that a writ of possession was issued and served upon the mother of appellant and one of her daughters and her husband, but it affirmatively appears that it was not served upon the appellant, and did not run against him. Appellant said that he re-

moved the fence because he was claiming an interest in the land, he and his mother paying taxes upon the entire tract; that he had never been dispossessed of any of it; that he did not live on the particular eighty-four acres claimed by the vendees of his sister; that no one lived thereon; that it was in the same enclosure with the remainder of the 257-acre tract, where he had lived all his life.

The allegation is that his acts were wilfully and wantonly done to injure Wood, Henslee and Murray. His testimony that he did not know that these alleged owners had a conveyance to the land is not controverted by evidence. Their deed was not recorded when the fence was removed. The fence was across land of which he was a joint possessor, and in which he inherited an interest from his father, which is not shown to have been divested. He openly removed the fence, and the facts point with more cogency to the inference that his intent was to protect his rights in the land against what he believed a trespass than to an intent to injure the persons named in the indictment, of whose interest, according to the record, he had no knowledge.

There are several bills of exception which we regard unnecessary to notice for the reason that, in our opinion the evidence in the record is not sufficient to establish a wilful and wanton violation of the law.

The judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*